IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **FRANKIE WAYNE POPE,**<br><br>Plaintiff,<br><br>v.<br><br>Sheriff **CULLEN TALTON**, *et al.*,<br><br>Defendant. | Case No. 5:23-cv-00406-MTT-MSH |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Frankie Wayne Pope, an inmate in the Houston County Detention Center in Perry, Georgia, has filed a complaint seeking relief pursuant 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not paid the filing fee nor filed a motion to proceed *in forma pauperis*. However, Plaintiff states in his complaint that "recently recast was submitted due to pauperis". *Id*. at 2. Because Plaintiff has not prepaid the filing fee and because Plaintiff references being "pauperis", this Court will presume that Plaintiff seeks leave to proceed with this action without payment of the filing fee.[1]

---

[1] The Court notes that Plaintiff has filed four other lawsuits in this Court since November 2022. *See Pope v. State of Georgia*, Case No. 4:22-cv-00185-CDL-MSH (M.D. Ga. Jan. 4, 2023); *Pope v. Sprayberry*, Case No. 4:22-cv-00203-CDL-MSH (M.D. Ga. May 15, 2023); *Pope v. Houston Cty. Sheriff's Dept.*, Case No. 5:23-cv-00297-MTT-CHW (M.D. Ga. Oct. 23, 2023); *Pope v. Banks*, Case No. 5:23-cv-00395-CAR-MSH (filed Oct. 6, 2023). In each, Plaintiff did not pay the filing fee upon filing his complaints and sought to proceed in each previous action without payment of the filing fee. These previous lawsuits provide further evidence that Plaintiff is once again seeking to proceed without prepayment of the filing fee in the present civil action.

### I. Dismissal of complaint as duplicative of another pending action

A review of this Court's records reveals that the above-captioned claim is duplicative of another claim filed by this Plaintiff. *See Pope v. Banks*, Case No. 5:23-cv-00395-CAR-MSH (filed Oct. 6, 2023). In both claims, the Plaintiff is complaining about a "CRIP Gang hit" against him and being harassed by Deputies Banks, Respree, Coach, and Ramsey. *Compare* ECF No. 1 *with* ECF No. 1 in *Pope v. Banks*, Case No. 5:23-cv-00395-CAR-MSH. Here, Plaintiff is just bringing the same claims against supervisory officials and alleging that they too are liable because he "has filed multiple grievances" and he continues to be harassed. ECF No. 1.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative" of another active case. *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000). "[A] suit is duplicative … if the parties, issues, and available relief do not significantly differ between the two actions." *IA. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). Because the pleadings in these cases raise the same issues, the present action is **DISMISSED** as duplicative. Plaintiff cannot file any other pleadings under the present civil action number. If he wishes to pursue his claims against supervisory officials then he must amend his complaint in *Pope v. Banks*, Case No. 5:23-cv-00395-CAR-MSH to add them as Defendants in that case.[2]

---

[2] Plaintiff is cautioned, however, that supervisors are only liable under § 1983 if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *see also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions

## II. Dismissal of complaint pursuant to 28 U.S.C § 1915(g)

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192. The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court

---

and an alleged constitutional violation").

3

Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that more than three of his complaints have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g., Pope v. Ella*, Case No. 4:21-cv-00079 (N.D. Ga. Dec. 8, 2021) (dismissing for failure to state a claim); *Pope v. Allen*, Case No. 2:17-cv-00072 (S.D. Ga. Oct. 23, 2017) (dismissing for abuse of the judicial process); *Pope v. Crickmar*, Case No. 4:15-cv-00142-CDL-MSH (M.D. Ga. Sept. 22, 2015) (dismissing for failure to state a claim).  In addition, Plaintiff has had other cases dismissed based on the three strikes provision.  *See, e.g., Pope v. State of Georgia*, Case No. 4:22-cv-00185-CDL-MSH (M.D. Ga. Jan. 4, 2023); *Pope v. Sprayberry*, Case No. 4:22-cv-00203-CDL-MSH (M.D. Ga. May 15, 2023); *Pope v. Houston Cty. Sheriff's Dept.*, Case No. 5:23-cv-00297-MTT-CHW (M.D. Ga. Oct. 23, 2023).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531

(7th Cir. 2002).

In this case, Plaintiff complains that the Defendants "are allowing the officers to harass [him] and hope confrontation breaks out". ECF No. 1 at 2. Plaintiff does not provide any facts in this complaint whatsoever that suggest he is in imminent danger of suffering a serious physical injury. *See Medberry*, 185 F.3d at 1193 (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger"). Plaintiff's verbal harassment allegations and his vague unsupported claims of a possible "confrontation" do not support an exception to § 1915(g). *See White*, 157 F.3d 1226, 1231 (10th Cir. 1998). In fact, Plaintiff's nebulous allegations about "harassment" do not even rise to the level of a constitutional violation necessary for a § 1983 civil action. The Constitution does not generally protect inmates against "[f]ear or emotional injury which results solely from verbal harassment or idle threats". *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Thus, allegations of "verbal abuse alone is insufficient to state a constitutional claim". *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir.2008); *see also Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir.1989) (internal quotation marks and citation omitted) ("In addition, we note that a petitioner must allege more than that he has been subjected to verbal taunts . . . [h]owever distressing in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights."); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional

violations"). In other words, harassing and otherwise intimidating conduct by a corrections officer is not independently actionable under § 1983. *See Edwards,* 867 F.2d at 1274 n. 1; *Barney v. Pulsipher,* 143 F.3d 1299, 1311 n. 11 (10th Cir.1998).

Because Plaintiff has failed to demonstrate that he is in imminent danger of serious physical injury, he will not be permitted to proceed *in forma pauperis* and this action is further **DISMISSED without prejudice** pursuant to § 1915(g). *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."); *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).

**SO ORDERED,** this 25th day of October, 2023.

S/ Marc T. Treadwell

MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT